

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| JOSEPH SHUNKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:20-cv-1095-BRW |
| | ) |
| TRANS UNION, LLC, and | ) case assigned to District Judge Wilson |
| NAVIENT SOLUTIONS, LLC, | ) and to Magistrate Judge Volpe |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMEs the Plaintiff, JOSEPH SHUNKEY, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against TRANS UNION, LLC, and NAVIENT SOLUTIONS, LLC. Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JOSEPH SHUNKEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Little Rock, State of Arkansas

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

1

6. TRANS UNION, LLC., (hereinafter, "Trans Union") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arkansas, is a citizen of the State of Arkansas.

7. At all relevant times Trans Union was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Trans Union was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

9. NAVIENT SOLUTIONS, LLC., (hereinafter, "Navient") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arkansas, is a citizen of the State of Arkansas.

10. At all relevant times, Navient was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

### IV. ALLEGATIONS

### COUNT I: JOSEPH SHUNKEY v. TRANS UNION, LLC. FOR VIOLATIONS OF THE FCRA

12. Trans Union has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

13. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named Navient.

14. Specifically, Plaintiff asserts that his last payment made on the account was on May 22, 2012, and the account would have charged off up to 120 days thereafter.

15. Thus, pursuant to the FCRA, 15 U.S.C. §1681c(a)(4) and (5) this account is obsolete from reporting and should no longer appear on any consumer reports.

16. Despite the foregoing, Trans Union has disseminated credit reports and/or information that include the account, and report that it was closed as of May 31, 2015. Moreover, Trans Union is reporting that the account will not be removed from Plaintiff's credit file until September of 2021 (hereinafter "the inaccurate information")

17. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

18. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

19. On May 6, 2020, Plaintiff disputed the inaccurate information with Trans Union by written communication to its representatives and by following Trans Union's established procedure for disputing consumer credit information.

20. Plaintiff received a confirmation number from Trans Union relative to his dispute.

21. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified Navient of Plaintiff's dispute and the nature of the dispute.

22. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Navient received notification from Trans Union of Plaintiff's dispute and the nature of the dispute.

23. Upon information and belief, Trans Union received the results of Navient's investigation as to Plaintiff's dispute.

24.     Upon information and belief, Trans Union updated the reporting of the account(s) at issued solely based upon the information it received from Navient in response to Plaintiff's dispute.

25.     Notwithstanding Plaintiff's efforts, Trans Union responded to Plaintiff's dispute that the account was verified as accurate, and has continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

26.     Despite Plaintiff's efforts to date, Trans Union has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

27.     Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

28.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

29.     At all times pertinent hereto, Trans Union was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union.

30. At all times pertinent hereto, the conduct of Trans Union, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

31. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and/or

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

32. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II: JOSEPH SHUNKEY v. NAVIENT SOLUTIONS, LLC., FOR VIOLATIONS OF THE FCRA

33. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

34. Navient violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Trans Union;

   b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Trans Union;

   c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

   f. willfully and negligently failing to comply with the requirements imposed on Navient of information pursuant to 15 U.S.C. §1681s-2.

35. Navient's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Navient is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### V.   JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH SHUNKEY, by and through his attorneys, respectfully pray for judgment in his favor and against TRANS UNION, LLC. and NAVIENT SOLUTIONS, LLC. as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Punitive damages; and,

    e.    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**JOSEPH SHUNKEY**

By: _____
Attorney for Plaintiff

Dated: September ___, 2020September 4, 2020

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 324-3532
Facsimile:  (888) 418-1277
E-Mail:  lsmith@smithmarco.com